

# NUMBER 13-15-00325-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

## IN THE INTEREST OF J.L., MINOR CHILD

---

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion by Justice Perkes

Appellant A.L., challenges the trial court's judgment terminating his parental rights

with respect to J.L.., a minor child.[1]   The trial court found appellant:   (1) had been

---

[1] We refer to appellant and the minor child by their initials in accordance with rule of appellate procedure 9.8.  *See* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2015 R.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

convicted or had been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child or adjudicated for conduct that caused the death or serious injury of a child and that would constitute a violation of section 22.011 of the penal code; and (2) knowingly engaged in criminal conduct that resulted in the parent's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition. The trial court found termination of appellant's parental rights would be in the child's best interest. The trial court's termination order reflects each of these reasons for termination. We affirm.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. 386 U.S. 738, 774–45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal

authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).[2]

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed the appellant of appellant's rights to file a pro se response,[3] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a copy of the record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318—19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. In this case, pro se appellant timely filed a motion for access to the appellate record. This Court issued an order directing the trial court to (1) ensure that the appellant had the opportunity to fully examine the appellate record within thirty days, and (2) notify our Court in writing as to the date upon which the appellate record was made available to appellant. The order further granted the appellant a period of thirty days from the day the appellate record was first made available to file

---

[2] The State has not filed a brief. Instead, the State responded to the *Anders* brief by acknowledging that counsel for appellant concluded that the appeal was frivolous and without merit and informing us that it would not file an appellee's brief unless necessary after reviewing any pro se response or upon order of this Court.

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

the pro se brief with this Court, and granted the State an additional twenty days thereafter to file its response thereto. In accordance with our order, the appellant was provided with the appellate record, and timely filed a pro se brief. The State did not file a response thereto.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record, counsel's brief, and appellant's pro se response, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel asks this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is

4

frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, we order counsel to send a copy of the opinion and judgment to appellant and to advise appellant of his right to pursue a petition for review in the Texas Supreme Court.[4]  *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

                Gregory T. Perkes
                Justice

Delivered and filed the
5th day of November, 2015.

---

[4] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review.  Any petition for review must be filed with the Texas Supreme Court clerk within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration.  *See* TEX. R. APP. P. 53.7(a).  Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure.  *See id.* at R. 53.2.